IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY D. HOGE, an individual; DONA P. HOGE, an individual; HAROLD K. SPENCE, an individual; JOHN H. MANSPERGER, an individual; CLARENCE S. WEBER, an individual; HILDA S. WEBER, an individual; HENRY D. HOGE and DONA P. HOGE FAMILY TRUST, a trust; HENRY D. HOGE, a trustee; DONA P. HOGE, a trustee; and DOES 1–50,<br><br>    Defendants and<br>    Counterclaimants.<br>                                                                       / | No. C 02-02171 WHA<br><br><br>**ORDER RESOLVING<br>REMANDED ISSUE** |

    Upon remand from the Ninth Circuit, the Court previously ordered the parties to recalculate the aggregate amount of funds necessary to pay only pre-judgment (and not post-judgment) attorney's fees and litigation costs as necessaries for support under California Civil Procedure Code § 487.020. In light of the global settlement agreement in the related litigation (Case No. 03-2502), resolving all outstanding issues, it is unnecessary for the parties to engage in any retrospective accounting of such funds. An aggregate amount based on the prior estimates of Special Master Thomas Klitgaard would be sufficient. The parties shall submit a proposed order by **OCTOBER 5, 2005**.

1  In any event, the Court recognizes that the issue is likely moot because the Hoge
2  defendants specifically released and waived all rights granted under the Order of Exemption as
3  part of the global settlement agreement.

5  **IT IS SO ORDERED.**

7  Dated:   September 30, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE